FILED by _____ D.C.
ELECTRONIC
JUN 02, 2010
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: **10-20411-CR-HUCK/O'SULLIVAN**

15 U.S.C. § 78j(b)
15 U.S.C. § 78ff(a)
17 C.F.R. § 240.10b-5

UNITED STATES OF AMERICA

vs.

LUIS FELIPE PEREZ,

        Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Information:

1. Lucky Star Diamond, Inc. ("Lucky Star") was a Florida company with an office located at 848 Brickell Avenue, Suite 200, Miami, Florida.

2. Jewelry Design Corp. ("Jewelry Design") was a Florida company with an office located at 6073 NW 167th Street Suite C-11, Miami, Florida.

3. Defendant **LUIS FELIPE PEREZ** resided in Miami, Florida. **PEREZ** was the owner of both Lucky Star and Jewelry Design.

4. The oral loan agreements made and promissory notes issued by **LUIS FELIPE PEREZ** in connection with Lucky Star, Jewelry Design and other ventures were securities, subject to federal securities laws.

5. A "Ponzi scheme" is a fraudulent investment scheme. In such a scheme, capital contributions are raised for investment in a business venture with a promise or other assurance of a high-yield return on investment. In a Ponzi scheme, the business venture's "profits" to investors are not created by the venture's underlying success. Instead, the "profits" are derived fraudulently from capital contributions from other investors.

## COUNTS 1-6
## SECURITIES FRAUD
## (15 U.S.C §§ 78j(b) and 78ff(a); 17 C.F.R. § 240.10b-5)

1. Paragraphs 1 through 5 of the General Allegations section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

2. Beginning as early as 2006, and continuing through at least May 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**LUIS FELIPE PEREZ,**

did knowingly, willfully, and unlawfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, and did (a) employ a device, scheme and artifice to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon any person, in connection with the purchase and sale of securities.

2

## PURPOSE OF THE SCHEME AND ARTIFICE

3. The purpose of the scheme and artifice was for the defendant to unjustly enrich himself by soliciting and then misappropriating investor funds for his personal use and benefit by making materially false representations and by concealing and omitting to state material facts concerning, among other things, the safety and reliability of the investment, the expected rate of returns, and the use of investor funds.

## THE SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the scheme and artifice included, but were not limited to, the following:

4. From in or around 2006 through at least May 2009, **LUIS FELIPE PEREZ** raised approximately $40 million from approximately 35 investors, most of whom were located in South Florida.

5. To raise money from investors, **LUIS FELIPE PEREZ** offered investors short-term oral loan agreements and promissory notes. **PEREZ** initially told investors that their investment would be used for his jewelry businesses, Lucky Star and Jewelry Design. **PEREZ** subsequently told investors that their investments would be used as loans to pawn shops located in New York City. In truth, only a small portion of investor money was used for **PEREZ'S** jewelry businesses and none of the investor money was used to invest with New York pawn shops.

6. **LUIS FELIPE PEREZ** induced individuals to invest by falsely telling them that they could expect high rates of return on their investments, which returns he purported would be generated from his jewelry businesses or the New York pawn shops. **PEREZ** promised investors rates of return ranging from 2% to 10% monthly, that is, 24% to 120% annually.

7. **LUIS FELIPE PEREZ** used the monies collected from the new investors to pay the returns promised to the earlier investors. Because the ability to pay the high returns promised to existing investors depended on the ability to raise additional money from new investors, **PEREZ'S** offering was an unsustainable Ponzi scheme.

8. **LUIS FELIPE PEREZ** further falsely told investors that their investments were secured by diamonds he had received from the New York pawn shops and that said diamonds were placed in a safety deposit box that was accessible to the investors. In reality, the investments were not secured by diamonds and, to the extent any purported diamonds were placed in safety deposit boxes, they were fake.

9. **LUIS FELIPE PEREZ** also attracted investors by falsely representing that their investments were guaranteed. In reality, most of **PEREZ'S** investors never recovered their investments, while **PEREZ** made millions of dollars and lived an extravagant lifestyle that included a multi-million dollar home, expensive cars, and international travel.

10. In order to fraudulently induce investors to provide him with funds for his purported investment, **LUIS FELIPE PEREZ** made numerous materially false statements and concealed and omitted to state material facts, and made and caused others to make numerous materially false statements and to conceal and omit to state material facts to investors, including, among others, the following:

### Materially False and Misleading Statements

a.  That individuals who invested with **LUIS FELIPE PEREZ** would receive returns of between 24% and 120% annually;

b.  That the high returns **LUIS FELIPE PEREZ** promised to investors would be the result of investments in his jewelry businesses or various New York pawn shops;

c.  That the investments **LUIS FELIPE PEREZ** offered were guaranteed; and

d.  That some of the investments **LUIS FELIPE PEREZ** offered were secured with genuine diamonds;

### Omissions and Concealment of Material Facts

e.  That **LUIS FELIPE PEREZ** never generated profits sufficient to pay the high returns promised to investors;

f.  That **LUIS FELIPE PEREZ** used newly collected investor money to pay high returns due to other investors in order to give the false appearance that **PEREZ** was generating profits sufficient to pay the high returns promised; and

g.  That money individuals invested was misappropriated by **LUIS FELIPE PEREZ** to pay for personal expenses, including among other things, a $3.2 million home, luxurious cars, extravagant vacations and works of art.

5

## SECURITIES TRANSACTIONS

On or about the dates specified in the Counts below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, did knowingly, willfully, and unlawfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, and did (a) employ a device, scheme and artifice to defraud; (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon any person, in connection with the purchase and sale of securities, as set forth below as to each Count:

| COUNT | APPROX. DATE | DESCRIPTION OF SECURITIES TRANSACTION |
|---|---|---|
| 1 | 1/20/2006 | A promissory note sold to Investor R.R. for $550,000 in Miami-Dade County, in the Southern District of Florida |
| 2 | 4/5/2007 | A promissory note sold to Investor D.H. for $600,000 in Miami-Dade County, in the Southern District of Florida |
| 3 | 10/9/2007 | A promissory note sold to Investor L.G. for $700,000 in Miami-Dade County, in the Southern District of Florida |
| 4 | 10/29/2007 | A promissory note sold to Investor M.V. for $400,000 in Miami-Dade County, in the Southern District of Florida |

| COUNT | APPROX. DATE | DESCRIPTION OF SECURITIES TRANSACTION |
|---|---|---|
| 5 | 11/1/2008 | A promissory note sold to Investor J.C.P. for $200,000 in Miami-Dade County, in the Southern District of Florida |
| 6 | 11/18/2008 | A promissory note sold to Investor H.P. for $100,000 in Miami-Dade County, in the Southern District of Florida |

In violation of Title 15, United States Code, Sections 78j(b) and 78ff(a); and Title 17, Code of Federal Regulations, Section 240.10b-5.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ANDREW K. LEVI
ASSISTANT UNITED STATES ATTORNEY

_____
RICHARD GREGORIE
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

LUIS FELIPE PEREZ,

          **Defendant.**
_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division**: (Select One)

| | | | | | |
|---|---|---|---|---|---|
| _X_ | Miami | ___ | Key West | | |
| ___ | FTL | ___ | WPB | ___ | FTP |

New Defendant(s)    Yes ___ No ___
Number of New Defendants  ___
Total number of counts  ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) _NO_
   List language and/or dialect _____

4. This case will take _0_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                     (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I | 0 to 5 days | _X_ | Petty | ___ |
   | II | 6 to 10 days | ___ | Minor | ___ |
   | III | 11 to 20 days | ___ | Misdem. | ___ |
   | IV | 21 to 60 days | ___ | Felony | _X_ |
   | V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No) _NO_
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) _NO_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) _NO_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes _X_ No

                                                    _____
                                                    ANDREW K. LEVI
                                                    ASSISTANT UNITED STATES ATTORNEY
                                                    Florida Bar No. 48774

\*Penalty Sheet(s) attached                                                                REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: LUIS FELIPE PEREZ

**Case No**:

**Counts #**: 1 - 6

SECURITIES FRAUD

15 U.S.C. Sections 78 j(b) and 78ff(a); 17 C.F.R. Section 240.10b-5

**\* Max.Penalty**:   20 years' imprisonment per count

Count #:

\*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**