UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.10-20411-CR-HUCK
Case No.10-20584-CR-HUCK

UNITED STATES OF AMERICA

vs.

LUIS FELIPE PEREZ

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and Luis Felipe Perez (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count-One of Case No.10-20411-CR-HUCK, which charges the defendant with Securities Fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and 17 C.F.R. § 240.10b. The defendant further agrees to plead guilty to Count-One of Case No.10-20584-CR-HUCK, which charges the defendant with Conspiracy to Commit Bank Fraud, in violation of Title 18, United States Code, Section 1349.

2. The defendant is aware that the sentence in each case will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing

1

guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea in either case solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to three (3) years in connection with Count-One of Case No.10-20411-CR-HUCK. In addition to a term of imprisonment and supervised release, the court may impose a fine of up $5 million, or not more than the greater of twice the gross gain or gross loss resulting from the offense as to Count-One of Case No.10-20411-CR-HUCK.

4. The defendant understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 30 years, followed by a term of supervised release of up to three (3) years in connection with the Conspiracy to Commit Bank Fraud charge in Case No.10-20584-CR-HUCK. In addition to a term of imprisonment and supervised release, the court may impose a fine of up $1 million, or not more than the greater of twice the gross gain or gross loss resulting from the offense as to Count-One of Case No.10-20584-CR-HUCK.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant on each case listed above. The defendant agrees that any special assessments imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing in each case listed above that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the

3

probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States agrees that, in each case listed above, it will not recommend an upward departure from the guidelines as determined by the court based upon the nature of the offense, the defendant's relevant offense conduct, or the background of the defendant.

9. The United States further agrees that it will recommend that any sentence the defendant receives in Case No.10-20411-CR-HUCK should run concurrently with any sentence the defendant receives in Case No.10-20584-CR-HUCK.

10. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

    a.    <u>Loss</u>: That the total loss under Section 2B1.1(b)(1)(L) of the Sentencing Guidelines resulting from the offense committed in Case No.10-20411-CR-HUCK and Case No.10-20584-CR-HUCK is approximately $37 million.

    b.    <u>Victims</u>: that the offenses involved approximately 36 victims under Section 2B1.1(b)(2(A) of the Sentencing Guidelines.

    c.    <u>Sophisticated Means</u>: That the offense in Case No.10-20411-CR-HUCK involved sophisticated means pursuant to Section 2B1.1(b)(9) of the Sentencing Guidelines.

    d.    <u>Gross receipts</u>: That the defendant derived more than $1 million in gross receipts from one or more financial institutions pursuant to Section 2B1.1(b)(14)(A) of the Sentencing Guidelines in Case No.10-20411-CR-HUCK.

11. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in the cases listed above. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

12. The defendant is aware that the sentence has not yet been determined by the court in the cases listed above. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea in either case based upon the

court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

13. In the event the defendant withdraws from this agreement prior to or after pleading guilty to any of the charges identified in paragraph one (1) above or otherwise fails to fully comply with any of the terms of this plea agreement, this Office will be released from its obligations under this agreement, and the defendant agrees and understands that: (a) he thereby waives any protection afforded by the proffer letter agreement between the parties, Section 1B1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence, and that any statements made by him as part of plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by the government; and (b) the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the defendant or his representatives to any state or federal agency and/or this Office.

14. Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to any and all assets and their substitutes which are subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A) which are in the possession and control of the defendant or nominees including the following items:

A. Collection of Lladro Porcelain Figurines.

B. Multiple pieces of Cuban artwork.

C. Various pieces of furniture.

The defendant agrees that the above listed assets represent property constituting or derived from proceeds obtained directly or indirectly as a result of the violation charged in Count 1 of Case No. 10-20584-CR-HUCK which charges the defendant with Conspiracy to Commit Bank Fraud.

15. Defendant further agrees to fully cooperate and assist the Government in the forfeiture of the assets listed above, including the surrender of the above listed items, and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, the surrender of documents of title, execution of any documents necessary to transfer his interest in any of the above property to the United States, execution of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture and vest title in the United States. Defendant further knowingly and voluntarily waives the following rights as to assets subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of these assets by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this plea agreement. Defendant further understands that the forfeiture of these assets shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

16. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 9/23/10    By: _____
ANDREW K. LEVI
ASSISTANT UNITED STATES ATTORNEY

Date: 7/23/10    By: _____
ALVIN E. ENTIN
ATTORNEY FOR LUIS FELIPE PEREZ

Date: 9/23/10    By: _____
LUIS FELIPE PEREZ
DEFENDANT

8