PROB72
(7/96)

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

Declaration of Victim Losses

FILED by _UM_ D.C.

NOV 1 2 2010

STEVEN M. LARIMORE
CLERK U.S DIST CT
S. D. of FLA. - MIAMI

)
United States )
v. )
Luis Felipe Perez )    10-20411-CR-HUCK
)    (Case Number)

I, _Dora O. Scotto_, residing at _5221 N.W. 199th Ter. Miami_
(Please provide complete mailing address)

_Gardens, Florida 33055-1690_____, am victim in the above-referenced case and I believe that I am entitled to restitution in the total amount of $ _85,000.00_

My specific losses as a result of this offense are summarized as follows:
(Itemize your losses and provide a *dollar amount* for these losses. Please provide documentation of your losses if available. Additional pages may be attached)

Total Bank Cashiers Check - $75,000.00  NO. 300004545
Total Bank Cashiers Check - $10,000.00  NO. 300004950     } attached
                  Total Due  $85,000.00

(Check if appropriate)
___ I have been compensated by insurance or another source with respect to all or a portion of my losses in the amount of $_____. The name, address, and phone number of my insurance company and the claim number for this loss is as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on
12 day of November, 2010.

Dora O. Scotto                              Dora O Scotto
(Print name and phone number)               (Signature)
305-336-8285

Total Bank
CASHIER'S CHECK

CUSTOMER COPY

| Item Number: | | | Amt. | $ 75,000.00 | Fee: | $ | 0.00 |
|---|---|---|---|---|---|---|---|
| | 30000494949 | | | | | | |
| Date: | Time: | | Loc: | | Oper: | | |
| 01/09/2009 | 12:24 | | 030 | | 0342 | | |
| Purch.: Hugo Ernesto or Dora Scotto | | | Payee: Luis felipe Jewerly Design Corp | | | | |

PAID BY: Check
ACCOUNT #: 300349830

---

**TOTALBANK**
YOUR PERSONAL BANK
PO Box 450678
Miami, FL 33145

Pay To The Order Of: Luis felipe Jewerly Design Corp

*********** 01/09/2009 ■ Seventy-five Thousand Zero Dollars And Zero Cents

Hugo Ernesto or Dora Scotto
3000349830
REMITTER & ACCOUNT #

CASHIER'S CHECK

63-915/660
30000494949

PAY $
ONLY
75 00

NOT VALID FOR OVER $75000.00

AUTHORIZED SIGNATURE

⑆300004949⑆ ⑈066000915⑈ 05500 154 01

**TOTALBANK**
YOUR PERSONAL BANK
P O Box 450628
Miami, FL 33145

CASHIER'S CHECK

63-915/660
300004950

Pay To The Order Of: *Luis Felipe Jewelry Designs*

01/09/2009  **Ten Thousand Zero Dollars And Zero Cents**

PAY $
ONLY

Not Valid For Over $10,000.00

Hugo Escoto
300349830
REMITTER & ACCOUNT #

⑆300004950⑆ ⑈066009155⑈ 05500154⑉01

---

Total Bank
CASHIER'S CHECK

| Item Number: | 300004950 | | Amt: | $ 10,000.00 | Fee: | $ 0.00 |
|---|---|---|---|---|---|---|
| Date: | 01/09/2009 | Time: 14:32 | Loc: | 030 | Oper: | 0342 |
| Purch: | Hugo E Scotto | | Payee: | Luis Felipe Jewelry Designs | | |

CUSTOMER COPY

PAID BY: Other
ACCOUNT #: 300349830

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PROBATION OFFICE

**Reginald D. Michael**
Chief U.S. Probation Officer

Wilkie D. Ferguson, Jr. U. S. Courthouse
400 North Miami Avenue,
Ninth Floor South
Miami, FL   33128

Fax: (305) 523-5496

October 22, 2010

Hugo & Dora Scotto
5221 NW 195 Terrace
Miami Gardens, FL 33055-1690

RE:   United States v. Luis Felipe Perez
Case Number 10-20411OCR-HUCK
SD/FL PACTS No. 104685

Dear Sir/Madam:

According to the Mandatory Victims Restitution Act of 1996 you are entitled to receive notice of the defendant's conviction and his sentencing date. As a result of his crime, you are entitled to be compensated and an explanation of the types of losses for which the statute provides restitution is attached. Additionally, you have the right to prepare the enclosed affidavit. In this affidavit, you are given the opportunity to itemize your losses and amounts of those losses.

The Mandatory Victims Restitution Act of 1996 provides that all identified victims directly and proximately harmed as a result of the commission of the offense in the above-entitled case receive notice of the following information:

On September 23, 2010, Luis Felipe Perez was convicted of securities fraud and conspiracy to commit bank fraud. The sentencing hearing will be held on December 2, 2010, at the United States District Court, located at 400 North Miami Avenue, 13th Floor, Courtroom 13-2, before the Honorable Paul C. Huck. According to our records, you may be entitled to restitution in the amount of $85,000. However, our office cannot guarantee that restitution, or any particular amount of restitution will be awarded to you at sentencing. That determination will be made by the court.

You are invited to submit information concerning the amount of your losses to the below-signed probation officer. If you wish to have such information considered in the preparation of the presentence report, please submit the attached affidavit confirming your losses as soon as possible but no later than November 12, 2010.

The law also permits you to file a separate affidavit relating to the amount of loss subject to restitution. A declaration form which has the same legal effect as an affidavit but which need not be notarized is enclosed. I will submit the declaration to the court on your behalf should you wish to exercise your right to submit such a form. However, the statute provides that the burden shall be on the attorney for the Government for demonstrating your losses as a result of the offense.

If you are awarded restitution by the court in this case, you may request the Clerk of the Court to issue an Abstract of Judgment certifying that a judgment has been entered in your favor in the amount specified in the order. Upon registering, recording, docketing, or indexing the abstract in accordance with the rules and requirements of the state of Florida, the Abstract of Judgment shall be a lien upon the property of the defendant located in Florida in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction of Florida. In the event you are awarded restitution, it is your responsibility to notify the United States Attorney's office in this district and the court of any change in your mailing address while restitution is still owed. This information will be maintained confidentially.

Page 2
October 22, 2010

      In the event you have additional questions and/or would like to confirm the sentencing date, please feel free to contact me.

                                  Sincerely,

                                  Janice S. Smith
                                  U.S. Probation Officer
                                  Phone: 305-523-5348
                                  Fax: 305-523-5496
                                  Email: Janice_Smith@flsp.uscourts.gov

Enclosures

## Explanation of Losses Subject to Restitution

The Mandatory Restitution Act of 1996 provides that you may be entitled to an order of restitution for certain losses suffered as a direct or proximate result of the commission of the offense for which the defendant was convicted. The types of losses for which the statute provides restitution are explained below. You have the right to explain these losses in detail in the attached affidavit form.

In the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense, the court may order: the return of the property to the owner of the property or someone designated by the owner; or if return of the property is impossible, impractical, or inadequate, the court may order payment in an amount equal to the greater of--the value of the property on the date of the damage, loss, or destruction, or the value of the property on the date of sentencing, less the value (as of the date the property is returned) of any part of the property that is returned.

In the case of an offense resulting in bodily injury to a victim, the court may order: payment of an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment; payment of an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and reimbursement to the victim for income lost by such victim as a result of such offense.

In the case of an offense resulting in bodily injury that also results in the death of a victim, the court may order payment of an amount equal to the cost of necessary funeral and related services.

In any case, the court may order reimbursement to the victim for lost income and necessary child care, transportation, and other expenses related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

In any case, if the victim (or if the victim is deceased, the victim's estate) consents, the court may order the defendant to make restitution in services in lieu of money, or to make restitution to a person or organization designated by the victim or the estate. (18 U.S.C. § 3663)

In addition, the victim may at any time assign the victim's interest in restitution payments to the Crime Victims Fund in the Treasury without in any way impairing the obligation of the defendant to make such payments. (18 U.S.C. § 3664)

If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation: but, the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation. (18 U.S.C. § 3664)