UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20411-CR-HUCK

UNITED STATES OF AMERICA

    Plaintiff,

vs.

LUIS FELIPE PEREZ,

    Defendant.
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW the Defendant, Luis Perez, by and through his undersigned counsel and pursuant to U.S.S.G. § 6A1.2-3, ps Fed Crim P. 32 (d) (e) (2), and the Fifth Amendment to the United States Constitution, respectfully registers his supplement to the Presentence Investigation Report (PSR) and Memorandum in Aid of Sentencing and as grounds therefore states as follows:

Pursuant to U.S. v. Booker, 543 U.S. 220 (2005) the Federal Sentencing process has adopted a three prong approach. First the Court is to resolve any disputed guideline issues and determine the advisory guideline range. In this case, probation has properly computed the guideline range at level 32, Criminal History Category I with a sentencing range of 121-151 months.

The Defendant has been cooperating with authorities from prior to the filing of charges in this case. While the time for a substantial assistance variance is not yet ripe,

it is verily believed that all parties will agree that the cooperation has been real and is on-going.

Second, the Court is to consider if there are any factors that may warrant a departure from the advisory guideline range. Again, through this filing the Defendant will request the Court to sentence at the low end of the advisory guideline range.

Lastly, and in direct response to Booker, the Court is to consider all of the sentencing factors of 18 U.S.C. § 3553 (a) and impose a sentence which is reasonable and not greater than necessary to achieve the sentencing objectives in § 3553(a). In this case, the Defendant, supported by the Government, requests this Court not to impose a sentence beyond the low end of the sentencing guidelines pursuant to Booker.

## NATURE OF THE OFFENSE

This is a serious offense in which the Defendant has admitted complicity in a Ponzi scheme which involved forty-five million dollars. As in most such cases, where new monies are sought to pay off older agreements, the actual monies lost by the public is much less than the total amount of the scheme. This is not to excuse the underlying conduct, but o explain that nearly 30 million dollars of investor monies were in fact returned to investors through the life of the underlying activity. Additionally, monies directly borrowed by Defendant from lending institutions (which are part of the consolidated case before the Court) exceed five millions dollars, but are included in the forty-five million dollars total, despite the fact it comes from an institutional rather than an individual victim.

Initially, Defendant had a legitimate jewelry business. He also had the misfortune to borrow a large sum/sums of money from individuals in the Hialeah area who were operating as lenders of monies at usurious rates (loan sharks). Defendant Perez became indebted to these lenders who demanded repayment of the usurious interest, coupled with

the now too veiled threats of consequences for failure. As a result, Defendant began seeking additional funds to receive monies to pay the lenders, grow the business and pay the new lenders.

Unfortunately for the Defendant, his new lenders terms were not much more favorable than the terms he had received from the initial money lenders. Suffice it to say, he never caught up and the spiral was ever downward.

## **COOPERATION AND REMORSE**

Defendant Perez, prior to any charges being brought, sought counsel in late August of 2009. Counsel almost immediately thereafter sought out police authorities to bring Mr. Perez in to cooperate against numerous others with whom he had been involved. Simultaneously, Perez began meeting with counsel in an effort to fully codify the extent of the activity he had been involved in, the monies borrowed and monies repaid. These extensive records, as well as all records of Defendant's businesses, were turned over to the Government at the very earliest possible time prior to the charges being brought. Defendant has continued and is still continuing his cooperation with various State and Federal law enforcement agencies. We will not detail the specifics of the cooperation herein as it is not concluded, nor is any benefit being sought at sentencing. Defendant verily believes however, that the Government will inform the Court at sentencing that Defendant's cooperation has been and will most likely continue to be quite valuable.

## **CONCLUSION**

Under 18 U.S.C. § 3553 (A) factors this Court needs to consider the following factors;

1) Nature and history of the offense and the history and characteristics of the Defendant;

2) The need for the sentence imposed;

   a) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense;

   b) to afford adequate deterrence to criminal conduct;

   c) to protect the public from further crimes;

   d) to provide the Defendant with educational, vocational training or medical care in the most effective manner.

For Defendant Perez, upon evaluating his nature, history and characteristics, there is little likelihood that he would ever reoffend. Unlike career boiler room con men, Defendant Perez became involved and was ultimately overwhelmed by the interest payments being made, as well as his own seduction to the proceeds of his offense. Defendant Perez is fully aware of how wrong his actions were, and he will devote the rest of his life to make up for the harm he has caused. It is unlikely he would violate the law again.

The seriousness of his offense, will be well recognized by a decade of incarceration. A sentence of such a length goes well beyond a "slap on the wrist" and is serious punishment for a serious transgression. Defendant has forfeited any asset he still maintains and knows there will be much restitution to pay. Certainly, the example of Luis Perez would deter anyone similarly situated from committing the offense he committed.

"The court shall impose a sentence sufficient, but not greater than necessary," to comply with the purposes of 18 USC § 3553(a). Further, the Defendant believes this Court

must also give some weight to the more recent decisions in <u>Gall v. United States</u>, 128 S. Ct. 586, and <u>Kimbrough v. United States</u>, 128 S. Ct. 558, both decided on December 10, 2007, and followed by <u>U.S. v. McBride</u>, No. 06-16544, in the Eleventh Circuit on December 28, 2007. These cases make it clear that the district courts are only required to give "some weight" to the advisory guidelines, as they are to the other 18 USC § 3553(a) factors, and that any attempt to give special weight to the sentencing guidelines is contrary to <u>Booker</u>. Further, in <u>Kimbrough</u>, a district court's judgement that a particular sentence is, "sufficient, but not greater than necessary," is entitled to great weight, even if the district court's judgement is based on a disagreement with the policies behind the applicable guidelines.

In reaching a "reasonable" sentence in this case, counsel has provided the Court with extensive information as to the defendant's long history of an impeccable background and extraordinary cooperation. What we seek is a reasonable sentence which recognizes both the good as well as the bad.

WHEREFORE the Defendant respectfully requests that this Honorable Court grant the relief sought herein and any other relief that this Court deems just and proper.

                                                             ENTIN & DELLA FERA, P.A.
                                                             110 Tower, Suite 1970
                                                             110 Southeast Sixth Street
                                                             Fort Lauderdale, Florida 33301
                                                            Telephone   (954) 761-7201
                                                            Facsimile:   (954) 764-2443


                                                            By:   /S/ Alvin E. Entin
                                                                  ALVIN E. ENTIN
                                                                Fla Bar No.  127027

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20411-CR-HUCK

UNITED STATES OF AMERICA

    Plaintiff,

vs.

LUIS FELIPE PEREZ,

    Defendant.
_____/

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on December 1, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel fo record or pro se parties identified on the attached Service List in the manner specified, either transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                                                                                                          s/ Alvin E. Entin