# United States District Court
## Southern District of Florida
### MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | SECOND AMENDED JUDGMENT IN A CRIMINAL CASE |
| v. | Case Number - 1:10-CR-20411-PCH |
| LUIS FELIPE PEREZ | USM Number: 83809-004 |
| | Counsel For Defendant: ALVIN ENTIN, |
| | Counsel For The United States: DAVID GREGORY, AUSA |
| | Court Reporter: Bonnie Lewis |

**Date of Original Judgment: December 3, 2010**
(or Date of Last Amended Judgment)

**Reason for Amendment:** Correction of Sentence for Changed Circumstances (Fed. R. Crim. P.35(b))

The defendant pleaded guilty to Count 1 of the Information.
The defendant is adjudicated guilty of the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 15 U.S.C. Sections 78j(b) and 78ff(a); 17 C.F.R. Section 240.10b-5 | Securities Fraud | May 2009 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 2-5 dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
October 3, 2014

PAUL C. HUCK
United States District Judge

October 3, 2014

DEFENDANT: LUIS FELIPE PEREZ
CASE NUMBER: 1:10-CR-20411-PCH-

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **sixty two (62) months as to count one, to run concurrently with the defendant's sentence in Case No.: 10-CR-20584-PCH.**

The Court makes the following recommendations to the Bureau of Prisons:

> The Defendant shall be housed in a facility as close to south Florida as determined appropriate and available by the Federal Bureau of Prisons. While incarcerated, the Defendant shall participate in a 500-hour substance abuse program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

Case 1:10-cr-20411-PCH Document 34 Entered on FLSD Docket 10/09/2014 Page 3 of 6
USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case
Page 3 of 6

DEFENDANT: LUIS FELIPE PEREZ
CASE NUMBER: 1:10-CR-20411-PCH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years as to count one, to run concurrently with the defendant's sentence in Case No.: 10-CR-20411-PCH.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

2. The defendant shall not leave the judicial district without the permission of the court or probation officer;
4. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
6. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
8. The defendant shall support his or her dependents and meet other family responsibilities;
10. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
12. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
14. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
16. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
18. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
20. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
22. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
24. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
26. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: LUIS FELIPE PEREZ
CASE NUMBER: 1:10-CR-20411-PCH

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**Community Service** - If the defendant is employed full time, the defendant shall perform 400 hours of community service per year of supervised release as monitored by the U.S. Probation Officer. If the defendant is unemployed, the defendant shall perform 1,400 hours of community service per year of supervised release as monitored by the U.S. Probation Officer. If the defendant is employed part time, the defendant shall perform an appropriate pro rata number of hours of community service per year of supervised release as determined and monitored by the U.S. Probation Officer. All community service hours shall be performed on an annual basis (i.e. no carry over).

**Financial Disclosure Requirement** - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**Home Detention with Electronic Monitoring** - The defendant shall participate in the Home Detention Electronic Monitoring Program for a period of twenty-four (24) months. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation. The defendant shall maintain a telephone at his place of residence without 'call forwarding', 'call waiting', a modem, 'caller ID', or 'call back/call block' services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer. The defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with ability to pay. After twenty-four months of home confinement and provided defendant is in full compliance with all of the terms and conditions of his supervision, the defendant may move the Court for early termination of his Home Detention with Electronic Monitoring requirement.

**No New Debt Restriction** - The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Restitution as Condition of Supervision (Title 26)** - The defendant shall pay restitution to the Internal Revenue Service, in the amount of $5,719,500.00. The defendant shall pay restitution at the rate of 15% of monthly gross earnings, until such time as the Court may alter that payment schedule in the interests of justice. The U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the Court any material change in the defendant's ability to pay. These payments do not preclude the government from using any other anticipated or unexpected financial gains, assets or income of the defendant to satisfy the restitution obligations. The restitution shall be made payable to Clerk, United States Courts, and forwarded to:

U.S. CLERK'S OFFICE
ATTN: FINANCIAL SECTION
400 N MIAMI AVENUE, RM 8N09
MIAMI, FL 33128

The restitution will be forwarded by the Clerk of the Court to the victim.

**Self-Employment Restriction** - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

**Substance Abuse Treatment** - The defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

DEFENDANT: LUIS FELIPE PEREZ
CASE NUMBER: 1:10-CR-20411-PCH-

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the Schedule of Payments sheet.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100 | $ | $ |

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| See attached list | $5,719,500.00 | $5,719,500.00 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LUIS FELIPE PEREZ
CASE NUMBER: 1:10-CR-20411-PCH

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A. Lump sum payment of **$100** due immediately, balance due

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **400 NORTH MIAMI AVENUE, ROOM 8N09**
    **MIAMI, FLORIDA 33128-7716**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

The defendant shall forfeit the defendant's interest in the following property to the United States:

    **See Preliminary Order of Forfeiture dated October 25, 2010 which is incorporated herein**

The defendant's right, title and interest to the property identified in the preliminary order of forfeiture, which has been entered by the Court and is incorporated by reference herein, is hereby forfeited.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.